LARRY N. SOKOL, OSB #722475
larry@sokol-law.net
Sokol & Associates, P.C.
300 Oswego Pointe Dr., Suite 101
Lake Oswego, Oregon 97034
Telephone: 503-228-6469
Facsimile: 503-228-6551
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MELODY KEATING,<br><br>                     Plaintiff,<br><br>    v.<br><br>TODD WITHERSPOON, an individual, AVIS BUDGET GROUP, INC., a Delaware Corporation, AVIS RENT A CAR SYSTEM, LLC, a Delaware Limited Liability Company, AVIS BUDGET CAR RENTAL, LLC, a Delaware Limited Liability Company, and PV HOLDING CORP., a Delaware corporation.<br><br>                     Defendants. | Case No.   3:21-CV-731<br><br>**COMPLAINT**<br><br>Personal Injury (28 U.S.C §1332)<br><br>DEMAND FOR JURY TRIAL |

At all times material to this complaint, Plaintiff alleges as follows:

**GENERAL ALLEGATIONS**

1.

At all times material hereto, plaintiff Melody Keating was a resident and citizen of

Page 1 - COMPLAINT

Washington County, Oregon.

2.

At all times material hereto, upon information and belief, defendant Todd Witherspoon was a resident of Springfield, Illinois.

3.

At all times material hereto, defendant Avis Budget Group, Inc. was a Delaware corporation, with its principal place of business in New Jersey, registered with the Oregon Secretary of State, conducting regular and sustained business activities in throughout the State of Oregon and the United States as a car rental company.

4.

At all times material hereto, Avis Rent A Car System, LLC, was a Delaware limited liability company with its principal place of business in New Jersey, conducting regular and sustained business throughout the State of Oregon and the United States renting passenger vehicles to drivers.

5.

At all times material hereto, Avis Budget Car Rental, LLC, was a Delaware limited liability company with its principal place of business in New Jersey, conducting regular and sustained business throughout the State of Oregon and the United States renting passenger vehicles to drivers.

6.

At all times material hereto, PV Holding Corp. was a Delaware corporation conducting regular and sustained business activities throughout Oregon and the United

States.

7.

This court has jurisdiction in this case based on diversity of citizenship, 28 USC §1332.

8.

Defendants Avis Budget Group, Inc., Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC and/or PV Holding Corp. were, at all times material, renting motor vehicles to the public as "Avis" and providing insurance for those rental vehicles. Defendants Avis Budget Group, Inc., Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC and/or PV Holding Corp. were responsible for creating and implementing rental and insurance policies and procedures in the State of Oregon and throughout the United States.

9.

Defendants Avis Budget Group, Inc., Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC and/or PV Holding Corp. were, at all times material, holding themselves out as "Avis" either individually, and/or collectively. "Avis" was an actual and/or apparent agent of defendants Avis Budget Group, Inc., Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC and/or PV Holding Corp when it rented a vehicle to defendant Witherspoon.

10.

Defendants Avis Budget Group, Inc., Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC and/or PV Holding Corp. owned the 2020 Toyota, which defendant

Todd Witherspoon drove at the time of the collision that gives rise to this complaint.

## Count 1

(Negligence as to Defendant Witherspoon Only)

11.

Plaintiff realleges and reincorporates paragraphs 1-10 above and further alleges:

12.

At all times material hereto, SW Scholls Ferry Road was a public street and thoroughfare extending through Washington County, State of Oregon, near Highway 217 and Cascade Street which extended in a general northern and southern direction.

13.

On or about November 23, 2020, plaintiff Melody Keating with her three minor children (John, Katherine, and Charles Keating) was driving in her vehicle and were stopped at the southbound Highway 217 off ramp at SW Scholls Ferry Road waiting at the red light to turn left. Defendant Witherspoon was driving the Avis rental car on the southbound Highway 217 off ramp at SW Scholls Ferry Road while under the influence of intoxicants. Because of the unreasonable conduct of defendant Witherspoon, as later alleged, he drove his vehicle at highspeed into the rear of Plaintiffs' vehicle without slowing, causing personal injuries to each of the four plaintiffs as later alleged. By driving the vehicle while under the influence of intoxicants Mr. Witherspoon showed a reckless and outrageous indifference to the health, safety, and welfare of others, specifically plaintiff, Melody Keating, and her three minor children John Keating IV,

Katherine Keating, and Charles Keating.[1]

14.

The conduct of defendant Witherspoon was unreasonable in one or more of the following particulars:

- (a) In driving the vehicle at a rate of speed that was unreasonable under the conditions that were then and there existing when defendant Witherspoon knew or reasonably should have known that driving the vehicle at a rate of speed that was unreasonable under the conditions could cause a collision;

- (b) In failing and/or neglecting to maintain the vehicle under proper control when defendant Witherspoon knew or reasonably should have known that failure to maintain the vehicle under control could result in a collision;

- (c) In failing and/or neglecting to maintain an adequate lookout for other vehicles and, in particular, for Plaintiffs' vehicle when defendant Witherspoon knew or reasonably should have known that failure to maintain an adequate lookout for other vehicles could cause him to fail to see other vehicles and, thereby, result in a collision;

- (d) In failing and/or neglecting to maintain a safe following distance from the vehicle in front of his motor vehicle when defendant Witherspoon knew, or reasonably should have known, that failure to maintain a safe following distance from the vehicle in front could cause a collision;

---

[1] ORS 31.730

(e) In driving the vehicle while under the influence of intoxicants, when defendant Witherspoon knew or reasonably should have known, that driving a vehicle under the influence of intoxicants could cause a collision; and

(f) In failing and/or neglecting to obey a traffic control device, when defendant Witherspoon knew or reasonably should have known, that failure to obey traffic control devices could cause a collision.

15.

As a direct and proximate result of the unreasonable conduct of the defendants, combining and concurring, plaintiff Melody Keating's vehicle was struck from behind causing her to sustain a wrenching and spraining of muscle, nerves, ligaments, and tendons of her cervical, thoracic and lumbar spine with a mild post traumatic closed head injury which resulted in headaches and sleeplessness. Plaintiff further sustained emotional injuries as a result of being struck at highspeed from the rear causing unknown injuries to her children, and then more fright when she learned at the accident scene that defendant Witherspoon was under the influence of intoxicants and was arrested in front of her and her children at the scene of the collision. Plaintiff has been rendered sick, sore, nervous, and emotionally distressed, and, her injuries are permanent and progressive all to her general damages in the sum of $100,000.

16.

In an effort to cure her injuries plaintiff Melody Keating has incurred drug, x-ray, hospital related bills to date in the sum of $5,700 all to her economic damages in said

sum.

## Count 2

(Negligence *per se*, as to Defendant Witherspoon Only)

17.

Plaintiff re-alleges and re-incorporates paragraphs 1-13 and 15-16 and further alleges:

18.

Defendant Witherspoon was negligent *per se* in one or more of the following ways:

   (a)   In violating ORS 811.100;

   (b)   In violating ORS 811.135;

   (c)   In violating ORS 811.140;

   (d)   In violating ORS 811.485;

   (e)   In violating ORS 813.010; and

   (f)   in violating ORS 811.260.

19.

Plaintiff is a member of the class of persons meant to be protected by the statutes alleged. The injuries Plaintiff has suffered are of the type the statutes were enacted to prevent.

## Count 3

(Negligent Entrustment as to Defendants Avis Budget Group, Inc., Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC and PV Holding Corp.)

20.

Plaintiff re-alleges and re-incorporates paragraphs 1-19 and further alleges:

21.

On or about November 23, 2020, defendants Avis Budget Group, Inc., Avis Rent a Car, LLC, Avis Budget Car Rental, LLC and/or PV Holding Corp., rented their 2020 Toyota Corolla to defendant Witherspoon, upon information and belief, without:

i. checking to learn if defendant Witherspoon had prior driver's license violations;

ii. checking to learn if he had prior moving violations;

iii. properly maintaining the tires on the vehicle with sufficient air in the tires; and

iv. properly maintaining and inspecting the tires on the vehicle rented to defendant Witherspoon.

Defendants Avis Budget Group, Inc, Avis Rent A Car, LLC, Avis Budget Car Rental, LLC, and PV Holding Corp acted with a reckless and outrageous indifference to the health, safety, and welfare of others when they rented a vehicle to defendant Witherspoon without first properly checking his driving history.[2]

22.

Upon information and belief, the conduct of defendants Avis Budget Group, Inc, Avis Rent A Car, LLC, Avis Budget Car Rental, LLC, and/or PV Holding Corp., individually and combining and concurring was unreasonable in one or more of the

---

[2] ORS 31.730

following particulars:

(a) In renting an automobile to defendant Witherspoon when they knew or should have known that he had prior driving license suspensions or revocations;

(b) In renting an automobile to defendant Witherspoon when they knew or should have known that he had prior moving violations;

(c) In entrusting the vehicle in question to defendant Witherspoon when they knew or reasonably should have known that his driving record had multiple driving offenses;

(d) In failing to perform an adequate or any background check for defendant Witherspoon's driving privileges and/or record, when they knew or reasonably should have known that drivers with poor records are far more likely to cause accidents than drivers with a valid license and good record;

(e) In renting the vehicle in question to defendant Witherspoon when the defendants knew or reasonably should have known that it was unsafe to do so, and would endanger other drivers;

(f) In renting the vehicle in question to defendant Witherspoon when they knew or reasonably should have known from previous collisions inolving their vehicles, that renters with poor driving history are more likely to cause an injury collision.

23.

As a result of the negligence of defendants Avis Budget Group, Inc, Avis Rent A

Car, LLC, Avis Budget Car Rental, LLC, and/or PV Holding Corp., combining and concurring, plaintiff Melody Keating suffered injuries and economic and non-economic damages as alleged in paragraphs 15 and 16 above.

## Count 4

(Negligence as to Defendants Todd Witherspoon, Avis Budget Group, Inc., Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC and PV Holding Corp.)

24.

Plaintiff re-alleges and re-incorporates paragraphs 1-23 and further alleges:

25.

Upon information and belief, the conduct of defendants Todd Witherspoon, Avis Budget Group, Inc, Avis Rent A Car, LLC, Avis Budget Car Rental, LLC, and/or PV Holding Corp., individually and combining and concurring was unreasonable in one or more of the following particulars:

(a) In failing and/or neglecting to inspect the tires of the vehicle rented to defendant Witherspoon and to maintain adequate tire pressure, when defendants knew or reasonably should have known that failure to inspect and maintain tire pressure could cause a collision; and

(b) In failing and/or neglecting to inspect the vehicle rented to defendant Witherspoon and to maintain it in adequate condition, when defendants knew or reasonably should have known that failure to inspect and maintain their rental vehicles could cause a collision.

26.

As a result of the negligence of defendants combining and concurring, plaintiff Melody Keating suffered injuries and economic and non-economic damages as alleged in paragraphs 15 and 16 above.

WHEREFORE, Plaintiffs prays for judgment against the defendants:

1) In the amount of $100,000 for non-economic damages, and $5,700 in economic damages;

2) For costs and disbursements incurred herein;

3) For pre-judgment interest pursuant to ORS 82.010(1)(a); and

4) For such other relief as the court may deem just and equitable.

DATED this 12 day of May, 2021

SOKOL & ASSOCIATES, P.C.

By _____
LARRY N. SOKOL, OSB #722475
300 Oswego Pointe Dr., Suite 101
Lake Oswego, Oregon 97034
Email: larry@sokol-law.net
Telephone: (503) 228-6469
Attorney for Plaintiff